IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WELCH, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | NO. 11-cv-04670-LDD |
| Defendants. | : | |

MEMORANDUM ORDER

AND NOW, this 30th day of May, 2012, upon consideration of Defendants' Second Motion to Dismiss for Lack of Prosecution (Doc. No. 20), to which Plaintiff Christopher Welch has not responded, it is hereby ORDERED that said motion (Doc. No. 20) is GRANTED and this civil action is DISMISSED WITH PREJUDICE.

Plaintiff Christopher Welch, proceeding *pro se* and *in forma pauperis* (IFP), brought this 42 U.S.C. § 1983 action against the City of Philadelphia, among other Defendants. Welch's Complaint alleges that Philadelphia police officers assaulted him during the course of his arrest, causing contusions and swelling on his face, head, and neck, as well as headaches, and then denied him medical attention. Welch's Complaint also alleges various other instances of wrongdoing by numerous Government officials, including fabricating evidence to secure a search warrant, intimidating witnesses, and purposefully delaying Welch's criminal matter in order to deny him a speedy trial.

At the time he brought this suit, Welch was incarcerated. It appears that at some point during the pendency of this litigation, Welch was released from state custody, but he has not

updated the Court with his current address as required by our Local Rules.  See E.D. Pa. R. 5.1(b) (requiring *pro se* litigants to "notify the Clerk within fourteen (14) days of any change of address.").  For example, a search of all Pennsylvania inmate records reveals that no "Christopher Welch" currently resides in state custody.  In addition, our Scheduling Order of February 27, 2012 (Doc. No. 17), which was sent to Welch's last known address (SCI-Graterford), was returned with a notation that Welch had been transferred or released.  Likewise, Defendants aver that they mailed a copy of their Answer to Welch's address of record, but it was returned as undeliverable.

On April 17, 2012, Defendants filed a motion to dismiss Welch's case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  (See Doc. No. 18).  Defendants complained that without Welch's current contact information, they could not serve him with discovery, schedule depositions, or make any progress in the matter.  We denied Defendants' motion without prejudice, reasoning that dismissal was not yet warranted.  (See Doc. No. 19).  In doing so, we ordered Welch to furnish us with his current address no later than May 4, 2012. (Id.).  We also warned Welch that failure to comply with our Order or otherwise actively prosecute his case may result in dismissal under Rule 41(b).  (Id.).  Like our previous Scheduling Order, this Order was returned with a notation indicating that Welch had been released.  To date, Welch has not updated his address with this Court.

Discovery has now closed, and the deadline for filing dispositive motions has come and gone.  (Doc. No. 17).  Welch has still not surfaced, and Defendants have renewed their Rule 41(b) motion to dismiss for lack of prosecution.  Defendants again argue that, without knowing how to contact Welch, they can make no progress in this matter.  According to Defendants,

"[s]ince discovery in this matter closed on May 14, 2012, Plaintiff has effectively made adjudication of this matter impossible." We agree and dismiss Welch's action with prejudice as explained herein.

First, we grant Defendants' motion to dismiss as uncontested. Our Local Rules authorize us to grant as uncontested a motion to which no timely response has been filed. See E.D. Pa. R. 7.1(c) ("In the absence of [a] timely response, the motion may be granted as uncontested . . ."). Defendants served Welch with the instant motion on May 15, 2012, and Welch failed to respond within the mandated fourteen (14) day window. (Id.).

Second and independently, we grant Defendants' motion to dismiss on the merits of the motion. District courts have the inherent power to dismiss an action if the plaintiff fails to prosecute it. See Charles Alan Wright et al., 9 Fed. Prac. & Proc. Civ. § 2370 (3d ed. 2008) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. Federal Rule 41(b) merely provides the procedural mechanism by which litigants may move to dismiss on failure-to-prosecute grounds. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it.").

In determining whether to dismiss an action for failure to prosecute, we typically evaluate the following six (6) factors set forth by Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984): "(1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) (quoting Poulis, 747 F.2d at 868). Poulis contemplates a balancing test; not every factor needs to be satisfied to warrant dismissal. Ware v. Rodale Press, Inc., 322 F.3d 218, 221-22 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988)).

However, in a recent non-precedential *per curiam* opinion, the Third Circuit recognized that "when a litigant's conduct makes adjudication of the case impossible, . . . balancing under Poulis is unnecessary." McLaren v. N.J. Dep't of Educ., No. 11–4585, 2012 WL 666669, at *1 (3d Cir. Mar. 1, 2012) (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994)). In McLaren, the plaintiff's failure to update her mailing address made "adjudication of the case impossible" -- the very same situation we face here. Id. In affirming the lower court's dismissal for failure to prosecute, the McLaren court reasoned as follows:

> It was McLaren's duty to provide the Court with an up-to-date mailing address,. . . and she failed to do so. As a consequence, while the District Court repeatedly sought to reach McLaren—once to warn her that dismissal was imminent after the case had lain dormant for more than five months—each mailing was returned as undeliverable. Thus, when faced with a case that was languishing on its docket, the District Court had little choice as to how to proceed. For instance, although courts are normally required to consider whether a lesser sanction would be appropriate, "[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Therefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for McLaren's failure to provide the

Court with an accurate mailing address.

McLaren, 2012 WL 666669, at *1.

We find this reasoning persuasive and adopt it as our own. Here, it appears that Welch left prison months ago and has not provided this Court or the Defendants with his current address. Therefore, Defendants could not (and still cannot) serve him with discovery or schedule his deposition. Discovery has now closed. Further, our two most recent Orders have come back as "undeliverable." This includes our Order advising Welch to file his new address by May 4, 2012 (which he has not done) or risk dismissal for failure to prosecute. (See Doc. No. 19). Finally, Welch has not responded to Defendants' instant motion to dismiss. We suppose we could send Welch another Order to comply with his obligations with respect to his suit, but as the McLaren court aptly noted, any such correspondence "would only find itself taking a round trip tour through the United States mail." McLaren, 2012 WL 666669, at *1. Under the circumstances, dismissal for failure to prosecute is justified.

We reach the same conclusion under Poulis balancing. First, Welch is proceeding *pro se* and therefore bears personal responsibility for his failure to keep the Court abreast of his current address. Second, Welch's disappearance has prejudiced Defendants because they have been unable to contact him to obtain discovery, and discovery has now closed. Third, we do not see how any sanction short of dismissal could be effective, given that (1) Welch will not receive any Order we send sanctioning him, and (2) as an IFP plaintiff, Welch most likely lacks sufficient funds to pay any monetary penalty that we might levy.

On the other hand, we cannot say that Welch has a " history of dilatoriness." While incarcerated, Welch filed several motions with the Court and changed his address twice (from

one state prison to another, to another).  Of course, since Welch fell off the radar before we even issued our Scheduling Order, he did not have much of an opportunity to show either dilatoriness or diligence in this matter.  In addition, we cannot say whether Welch's failure to update his address was "willful" or "in bad faith" because, given his unknown whereabouts, we cannot ask him.  Finally, we will not opine on the merits of Welch's claims given the limited information before us (essentially, Welch's Complaint and Defendants' Answer).

After balancing these factors, we conclude that they weigh in favor of dismissal.  We gave Welch an opportunity to explain his (in)actions by, e.g., reminding him of his obligation to update the Court with his current mailing address and giving him notice that continued failure to prosecute his action may result in dismissal.  (See Doc. No. 19).  Defendants did likewise by filing not one, but two, motions to dismiss for failure to prosecute.  (See Doc. Nos. 18, 20).  Welch responded to neither.  Under the circumstances, we could do no more.  Cf. Klaus, 538 F.3d at 264 (holding that "where . . . the District Court does not have the facts necessary to conduct a full analysis of the Poulis factors, it is not appropriate for the District Court to dismiss a plaintiff's case *sua sponte*.  Instead, the District Court must provide the plaintiff with a full and fair opportunity to be heard regarding his failure to comply with the court's orders.").

We conclude by pointing out the conundrum faced by courts dealing with vanished litigants in the Rule 41(b) context.  Poulis balancing works best when a court can hear from both sides and then determine, e.g., "the extent of the party's personal responsibility" and whether the party acted "in bad faith."  See Klaus, 538 F.3d at 258 (opining that because dismissals with prejudice are drastic sanctions, "it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the Poulis factors before it undertakes its

analysis."). But when neither the Court nor opposing counsel can reach the plaintiff because he has not furnished an up-to-date address (as is the case here), and when plaintiff has not responded to his opponents' allegations regarding his failure-to-prosecute (also the case here), we have no choice but to act on the information before us; Plaintiff has, in essence, made adjudication of the case impossible. McLaren, 2012 WL 666669, at *1. We have no doubt that the McLaren court recognized this issue in relieving the district courts of their usual Poulis-balancing obligations in these situations.

      To conclude, for the aforementioned reasons, we GRANT Defendants' Second Motion to Dismiss for Lack of Prosecution (Doc. No. 20) and DISMISS this action WITH PREJUDICE.

                                                BY THE COURT:

                                                /s/ Legrome D. Davis

                                                Legrome D. Davis, J.